UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Courtney Green, | File No. 22-cv-2737 (ECT/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| General Mills World Headquarters and National Registered Agent Inc., | |
| Defendants. | |

---

Plaintiff Courtney Green believes herself[1] to be the subject of an international corporate conspiracy. The conspiracy is carried out, Green claims, through televisions watching her every move; thus she recently has sued Visio, Inc., and LG Electronics USA, which are television manufacturers, for the alleged invasion of her privacy. *See Green v. Vizio, Inc.*, No. 2:22-CV-7429 (C.D. Cal. filed Oct. 11, 2022); *Green v. LG Elecs. USA*, No. 22-6057 (SDW), 2022 WL 17722830 (D.N.J. Dec. 14, 2022). The persons who appear on the television are alleged to sometimes surveil Green; thus she recently has sued, among others, the stars of Live with Kelly and Ryan, *see Green v. Kelly and Ryan Show*, No. 1:22-CV-0237 (LTS), 2022 WL 1086614 (S.D.N.Y. Apr. 11, 2022), along with nearly every major broadcasting company in America, *see, e.g.*, *Green v. Fox Corp.*, No. 22-CV-0243 (LTS), 2022 WL 1003905 (S.D.N.Y. Apr. 4, 2022). When IZOD, a clothing manufacturer,

---

[1] Green's gender is not clear from the materials submitted in this litigation, but other courts have generally referred to Green as being female. *See, e.g.*, *Scripps Corp. Headquarters*, No. 1:22-CV-09, 2022 WL 179595, at *1 (S.D. Ohio Jan. 20, 2022). The undersigned will follow suit.

introduced a design similar to one recently discussed by Green with a friend, that company, too, was sued by Green. *See Green v. IZOD Corp. Headquarters*, No. 3:22-CV-6380 (GC/TJB) (D.N.J. filed Oct. 31, 2022).

In this lawsuit, Green alleges that she enjoys her breakfast cereal mixed with things like granola, honey, and almonds. *See* Compl. at 4. Suspiciously, Green says, defendant General Mills recently introduced a new breakfast cereal combining these very flavors—evidence, in her view, that the audiovisual conspiracy extends even to her culinary choices. *Id*. Green now sues General Mills and a defendant referred to as National Registered Agents for invasion of her privacy and other related state-law causes of action. As a remedy, Green seeks monetary relief and "a life time supply of cheerios oat crunch cereal or a voucher for 5 free boxes per month." *Id*.

Green has applied for *in forma pauperis* ("IFP") status. ECF No. 2. She qualifies financially for IFP status, but an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, I must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must, critically in this case, "state a claim to relief that is plausible on its face."

*Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The problem for Green is that the factual allegations central to her complaint are simply not plausible and are therefore not entitled to the regular assumption of truth afforded to factual allegations at the pleading stage.  It is not *impossible* that General Mills has decided to monitor Green as part of its product-development scheme, but it is *implausible*, at least absent further factual allegations that, if proved true, would establish that there has been more than a coincidence in timing concerning when Green began mixing ingredients into her cereal and when General Mills began selling a similar product.  And absent the implausible allegations related to the monitoring of Green's activities, she cannot establish that General Mills has done anything unlawful.  This lawsuit will therefore be dismissed without prejudice.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. This action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Courtney Green [ECF No. 2] is **DENIED.**

   **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  January 3, 2023                                  s/ Eric C. Tostrud
                                                        Eric C. Tostrud
                                                        United States District Court